KATHRYN BURKETT DICKSON (State Bar # 70636)
DICKSON - ROSS LLP
1970 Broadway, Suite 1045
Oakland, CA 94612
Telephone: (510) 268-1999
Facsimile: (510) 268-3627
E-mail: kbdickson@dicksonross.com

Attorneys for Plaintiff
LUCIA KANTER

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

EDL

LUCIA KANTER,

    Plaintiff,

v.

CALIFORNIA ADMINISTRATIVE OFFICE OF THE COURTS,

    Defendant.

Case No. C 07 2423

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Disability and gender discrimination; retaliation; (Cal. Fair Employment and Housing Act, Gov't Code §§ 12940 *et seq*); Disability discrimination; retaliation (Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*); Gender discrimination (Title VII, 42 U.S.C. §2000e); Violation of Equal Protection (42 U.S.C. § 1983)

**JURY TRIAL DEMANDED**

Plaintiff complains and alleges as follows:

## I. NATURE OF THE ACTION

1.    This is an individual employment action brought by Plaintiff Lucia Kanter against her former employer, the California Administrative Office of the Courts (referred to in this Complaint as "AOC")

2.    Defendant discriminated against Plaintiff, including adversely altering the terms

Complaint for Damages and Injunctive Relief    1

and conditions of her employment, retaliated against her, and ultimately terminated her. These actions were based upon her status as the mother of a severely disabled child in violation of federal and state law, and because she questioned prior actions by the Defendant relating to employment conditions associated with her pregnancy.

3. Plaintiff seeks compensatory damages for lost wages and benefits and emotional distress, reinstatement or front pay in lieu of reinstatement, injunctive relief, and her attorneys' fees and costs.

## II. PARTIES

4. Currently, and at all relevant times, Plaintiff resided in the City and County of San Francisco, California. Plaintiff was employed by Defendant in its San Francisco Headquarters Office. Defendant's unlawful acts alleged in this complaint occurred in the City and County of San Francisco, California.

5. Plaintiff is informed and believes and on that basis alleges that Defendant California Administrative Office of the Courts ("AOC") is and at all relevant times was the staff agency to the Judicial Council of California, headquartered in San Francisco, California. At all relevant times, Defendant AOC was an employer as defined in the California Fair Employment and Housing Act and the federal Americans with Disabilities Act. The AOC had far in excess of fifty employees throughout Plaintiff's employment.

## III. EXHAUSTION OF REMEDIES

6. Plaintiff filed a timely charge of discrimination with the federal Equal Employment Opportunity Commission (which was cross-filed with the California Department of Fair Employment and Housing). Since Plaintiff's charge was filed against a California state agency, the EEOC forwarded the matter to the United States Department of Justice for issuance of the notice of right to sue. Plaintiff received the notice of right to sue from the Justice Department on February 6, 2007, and is timely filing this action within 90 days of that date.

## IV. JURISDICTION

7. This Court has jurisdiction over claims in this action because the claims either arise under federal law, or with regard to the state law claims, this Court has pendant

jurisdiction.

## V. STATEMENT OF FACTS

8.  Plaintiff is an attorney, having been admitted to the Bar of the State of California in 1998. After working in private practice for several years as a management-side employment lawyer, she was hired by the AOC on April 29, 2002. The AOC employs in excess of 600 employees with approximately twelve departments. Plaintiff was employed in the General Counsel's Office of the AOC, assigned to the Labor and Employment Unit. The General Counsel's office employed approximately 75 employees. Plaintiff provided training, legal advice and support, and oversight of outside counsel to California state judges, court management, and AOC management in the area of employment law.

9.  In 2004, Plaintiff took an approved parental leave for the birth of her first child, a boy. Upon returning from that leave, Plaintiff successfully worked an approved 80% time schedule. On September 2, 2005, Plaintiff began a second authorized parental leave for the birth of her second son.

10. In early December, 2005, Plaintiff notified the AOC of her first son's possible disability, which had tentatively been diagnosed as autism. On January 3, 2006, Plaintiff wrote her supervisor, requesting a 60% part-time schedule or in the alternative, her prior 80% time schedule with a rotating day off, which would permit Plaintiff to participate in at least some of the many therapy services anticipated for her child. Defendant denied both of these suggestions and made no recommendations of its own. Plaintiff's supervisor informed Plaintiff at that time that she should contact the office in February to further discuss plans for her return to work.

11. At the time Plaintiff suggested the 60% or 80% part-time schedule, other similarly situated attorneys in the office who did not have disabled children were given the kinds of alternative schedules Plaintiff had requested. For example, one attorney without an association to a disabled person, had been working on a 50% part-time work schedule for several years. Other attorneys without an association to a disabled person worked on 80% time schedules.

12. On February 15, 2006, Defendant was fully informed about the diagnosis of Plaintiff's first child's disability, which was autism. At the same time she informed Defendant of

Complaint for Damages and Injunctive Relief                                                                 3

the diagnosis, Plaintiff requested an additional leave of absence of one year which was consistent with Defendant's leave policies and practice. On February 27, 2006, Plaintiff's supervisor denied this leave request.

13. On the next day, February 28, 2006, Plaintiff requested any additional time off beyond her scheduled return date of March 15, 2006, to enable her to hire a second nanny to ensure adequate child care for her disabled and non-disabled child. This request was also denied, and Plaintiff was informed that she must return to work by March 15, 2006.

14. On March 3, 2006, Plaintiff formally protested Defendant's actions stating her belief that she was being treated differently from other employees and past practice due to her association with her disabled child, and for raising a past violation of policy relating to pregnancy-related doctor's appointments during her earlier pregnancy.

15. At least seven other attorneys in the office in the Office of the General Counsel, some with less seniority than Plaintiff, and all of whom did not have an association to a disabled person, had been granted more generous leaves of absence, part-time schedules or alternative schedules.

16. Defendant terminated Plaintiff on March 13, 2006, which was two days prior to her scheduled return date.

17. The reason given by Defendant for terminating Plaintiff was that, ostensibly, Plaintiff's "desk" needed to be covered immediately. This reason was pretextual in that Plaintiff's position remained vacant for more than three months after her termination.

18. Plaintiff's work performance during her employment with Defendant had been excellent. Her performance reviews always included rankings which indicated that she either fully met or exceeded expectations. She received many commendations for her work with her clients, which included court management, AOC management, and judges. She regularly made herself available to provide advice and consultation, including taking calls at home on her days off, during evenings, and weekends. Plaintiff received merit salary increases and a promotion based on her excellent work during her employment. Plaintiff enjoyed her work, was dedicated to the AOC, and intended to make a life-long career with the agency.

19. Plaintiff was devastated, both emotionally and financially, as a result of Defendant's unlawful actions.

### VI.    FIRST CLAIM FOR RELIEF

(Disability Discrimination Based on Association with a Disabled Person

Cal. Gov't Code §12926(m) & 12940)

20. Plaintiff incorporates each allegation set forth in paragraphs 1 through 19 above.

21. At all relevant times, Plaintiff's child was a person with a disability within the meaning of California Government Code §§ 12926(i) & 12940 in that Plaintiff's child was diagnosed with autism. Plaintiff was a person associated with a person who has a disability within the meaning of section 12926(m).

22. At all relevant times, Defendant AOC was an employer within the meaning of California Government Code §12940 and §12926.

23. It is an unlawful employment practice for an employer to discriminate against an employee, including to discharge the employee, because of her association with a person who has a disability.

24. The above-described actions of Defendant constitute discrimination based on disability, in violation of Gov't Code §12940.

25. As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial loss of earnings and other employment benefits, and has suffered and continues to suffer pain, embarrassment, humiliation and mental anguish, all to her damage in an amount according to proof.

26. Defendant's actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

WHEREFORE, Plaintiff seeks relief as set forth below.

### VII.    SECOND CLAIM FOR RELIEF

(Disability Discrimination Based on Association with a Disabled Person

Americans with Disabilities Act, 42 U.S.C. §12112)

Complaint for Damages and Injunctive Relief                                                                 5

27. Plaintiff incorporates each allegation set forth in paragraphs 1 through 26 above.

28. At all relevant times, Plaintiff's child was a person with a disability within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. in that Plaintiff's child was diagnosed with autism. Plaintiff was a person associated with a person who has a disability within the meaning of section 12112(b)(4).

29. At all relevant times, Defendant AOC was an employer and a covered entity within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12111.

30. It is an unlawful employment practice for an employer to discriminate against an employee, including to discharge the employee, or to deny equal benefits to an employee because of her association with a person who has a disability. 42 U.S.C. § 12112.

31. The above-described actions of Defendant constitute discrimination based on disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112.

32. As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial loss of earnings and other employment benefits, and has suffered and continues to suffer pain, embarrassment, humiliation and mental anguish, all to her damage in an amount according to proof.

33. Defendant's actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

WHEREFORE, Plaintiff seeks relief as set forth below.

### VIII.   THIRD CLAIM FOR RELIEF

(Gender Discrimination, Cal. Gov't Code § 12940(a))

34. Plaintiff incorporates each allegation set forth in paragraphs 1 through 33 above.

35. At all relevant times, Plaintiff was an employee within the meaning of California Government Code §12940.

36. At all relevant times, Defendant AOC was an employer within the meaning of California Government Code §12940.

37. It is an unlawful employment practice for an employer to discriminate against an

Complaint for Damages and Injunctive Relief                                                                 6

1  employee, including to discharge the employee, because of her gender.

2  　　38.　The above-described actions of Defendant constitute discrimination based on gender, in violation of Gov't Code §12940 in that Defendant's actions were based on unlawful stereotypes that a woman with a disabled child will not be a reliable and productive employee. In this instance, Plaintiff is a member of a protected subclass of women who have children with disabilities. This type of discrimination is sometimes referred to as "sex-plus" discrimination.

　　39.　As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial loss of earnings and other employment benefits, and has suffered and continues to suffer pain, embarrassment, humiliation and mental anguish, all to her damage in an amount according to proof.

　　40.　Defendant's actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

　　WHEREFORE, Plaintiff seeks relief as set forth below.

### IX. FOURTH CLAIM FOR RELIEF

(Gender Discrimination, Title VII, Civil Rights Act of 1964, § 701 *et seq.*

42 U.S.C. §2000e *et seq.*)

　　41.　Plaintiff incorporates each allegation set forth in paragraphs 1 through 40 above.

　　42.　At all relevant times, Plaintiff was an employee within the meaning of 42 U.S.C. §2000e.

　　43.　At all relevant times, Defendant AOC was an employer within the meaning of 42 U.S.C. §2000e.

　　44.　It is an unlawful employment practice for an employer to discriminate against an employee, including to discharge the employee, because of her gender.

　　45.　The above-described actions of Defendant constitute discrimination based on gender, in violation of Title VII in that Defendant's actions were based on unlawful stereotypes that a woman with a disabled child will not be a reliable and productive employee. In this instance, Plaintiff is a member of a protected subclass of women who have children with

1 disabilities. This type of discrimination is sometimes referred to as "sex-plus" discrimination.

2   46.   As a proximate result of Defendant's actions, Plaintiff has suffered and continues
3 to suffer substantial loss of earnings and other employment benefits, and has suffered and
4 continues to suffer pain, embarrassment, humiliation and mental anguish, all to her damage in an
5 amount according to proof.

6   47.   Defendant's actions were willful, malicious, fraudulent and oppressive, and were
7 committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's
8 rights.

9   WHEREFORE, Plaintiff seeks relief as set forth below.

## XI.   SIXTH CLAIM FOR RELIEF

(Retaliation, Cal. Gov't Code §12940(h))

48.   Plaintiff incorporates each allegation set forth in paragraphs 1 through 47 above.

49.   Plaintiff engaged in protected activity under the Fair Employment and Housing Act by taking leave and by protesting unlawful conditions imposed with respect to medical appointments related to Plaintiff's earlier pregnancy. As noted above, On March 3, 2006, Plaintiff formally protested Defendant's actions stating her belief that she was being treated differently from other employees and past practice due to her association with her disabled child, and for raising a past violation of policy relating to pregnancy-related doctor's appointments during her earlier pregnancy. Defendant therefore was aware of Plaintiff's protected activity, and discharged Plaintiff and otherwise discriminated against her because of her protected activity. The above-described actions by Defendant constitute retaliation in violation of Cal. Gov't Code §12940(h).

50.   As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial loss of earnings and other employment benefits, and has suffered and continues to suffer pain, embarrassment, humiliation and mental anguish, all to her damage in an amount according to proof.

51.   Defendants' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's

1 rights.

2     WHEREFORE, Plaintiff seeks relief as set forth below.

### XII. SEVENTH CLAIM FOR RELIEF

(Violation of Equal Protection and Civil Rights, 42 U.S.C. § 1983)

52. Plaintiff incorporates each allegation set forth in paragraphs 1 through 51.

53. By virtue of the conduct set forth above, Defendant violated Plaintiff's right, protected by the Fourteenth Amendment, to be free from discrimination on the basis of sex in public employment. 42 U.S.C.§ 1983. Defendant's conduct constituted discriminatory, arbitrary and capricious action, carried out under color of state law.

54. As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial loss of earnings and other employment benefits, and has suffered and continues to suffer pain, embarrassment, humiliation and mental anguish, all to her damage in an amount according to proof.

55. Defendant's actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

    WHEREFORE, Plaintiff seeks relief as set forth below.

### XV. TENTH CLAIM FOR RELIEF

(Wrongful Termination in Violation of Public Policy, California common law)

56. Plaintiff incorporates each allegation set forth in paragraphs 1 through 55 above.

57 Defendant's actions in terminating Plaintiff under the circumstances alleged above, violate the fundamental public policies embodied, among elsewhere, in California Government Code §12940 *et seq.*, and the regulations promulgated thereunder. Defendant's conduct in terminating Plaintiff under these circumstances constitutes a wrongful termination in violation of public policy.

58 As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial loss of earnings and other employment benefits, and has suffered and continues to suffer pain, embarrassment, humiliation and mental anguish, all to his damage in an amount according to proof.

59. Defendant's actions were willful, malicious, fraudulent and oppressive, and were

committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

WHEREFORE, Plaintiff seeks relief as set forth below.

## PRAYER FOR RELIEF

Plaintiff seeks judgment against Defendants as follows:

1. Compensatory damages, including emotional distress damages and lost wages and benefits to date;

2. For reinstatement, or front pay in lieu of reinstatement, in a sum according to proof;

3. Interest on judgment, including prejudgment interest, at the legal rate;

4. Attorneys' fees and costs;

5. Injunctive relief; and

6. Such other and further relief as the Court may deem proper.

*DICKSON - ROSS LLP*

Dated: May 4, 2007       By: /s/ Kathryn Burkett Dickson
KATHRYN BURKETT DICKSON
Attorneys for Plaintiff
LUCIA KANTER

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all claims.

*DICKSON - ROSS LLP*

Dated: May 4, 2007       By: /s/ Kathryn Burkett Dickson
KATHRYN BURKETT DICKSON
Attorneys for Plaintiff
LUCIA KANTER

Complaint for Damages and Injunctive Relief                                          10