PATRICIA K. GILLETTE (Bar No. 74461)
GREG J. RICHARDSON (Bar No. 203788)
BROOKE D. ANDRICH (Bar No. 238836)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorneys for Defendant
CALIFORNIA ADMINISTRATIVE OFFICE OF THE COURTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LUCIA KANTER,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA ADMINISTRATIVE OFFICE OF THE COURTS,<br><br>　　　　　　　Defendant. | Case No.: C 07 2423 MJJ<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Defendant California Administrative Office of the Courts ("AOC" or "Defendant"), responds to Plaintiff Lucia Kanter's ("Plaintiff") Complaint[1] as follows.

## NATURE OF THE ACTION

1. Defendant is informed and believes and, on that basis, admits that this is an individual employment action brought by Plaintiff against her former employer, Defendant.

2. Defendant denies taking any unlawful action against Plaintiff. To the extent that the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

3. Paragraph 3 of Plaintiff's Complaint contains no factual allegations.

## PARTIES

4. Defendant is informed and believes and, on that basis, admits that Plaintiff resided in the City and County of San Francisco, California. Defendant admits that Plaintiff was employed by Defendant in its San Francisco Headquarters Office. Defendant denies taking any unlawful action against Plaintiff. The remaining allegations in Paragraph 4 of Plaintiff's Complaint are legal conclusions and contain no factual allegations. Defendant is not required to, and does not, admit or deny such allegations.

5. Defendant admits that it is and at all relevant times was the staff agency to the Judicial Council of California, headquartered in San Francisco, California. Defendant also admits that it had in excess of fifty employees throughout Plaintiff's employment. The remaining allegations in Paragraph 5 of Plaintiff's Complaint are legal conclusions and contain no factual allegations. Defendant is not required to, and does not, admit or deny such allegations.

## EXHAUSTION OF REMEDIES

6. Defendant is informed and believes, and on that basis admits, that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, and that the United States Department of Justice issued a notice of Plaintiff's right to sue on or about January 30, 2007.

---

[1] Plaintiff's Complaint does not contain a fifth, eighth or ninth claim for relief.

Heller Ehrman LLP

1

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF: CASE NO. C 07 2423 MJJ

Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint, and on that basis denies such allegations.

## JURISDICTION

7. To the extent that the allegations contained in Paragraph 7 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

## STATEMENT OF FACTS

8. Defendant is informed and believes, and on that basis admits, that Plaintiff is an attorney and was admitted to the Bar of the State of California in 1998. Defendant also admits that it hired Plaintiff on or about April 29, 2002 to work in the Labor and Employment Unit of Defendant's Office of the General Counsel. Further, Defendant admits that during the relevant time period it employed approximately 600 individuals, approximately 75 of whom worked in the Office of the General Counsel. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that Plaintiff took a leave of absence for the birth of her first child, beginning on or about December 16, 2003, and that Plaintiff took a leave of absence for the birth of her second child, beginning on or about September 9, 2005. Defendant also admits that it granted Plaintiff's request to work an 80% schedule, beginning on or about November 30, 2004. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits that on or about January 3, 2006, it received notice of Plaintiff's request for a modified work schedule. Except as so expressly admitted, Defendant denies each and every allegation contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies each and every allegation contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that on or about February 15, 2006, it received notice of Plaintiff's request for an extended leave of absence due to her son's diagnosis with autism. Defendant further

Heller
Ehrman LLP

2

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:
CASE NO. C 07 2423 MJJ

admits that on or about February 27, 2006, it denied Plaintiff request for an extended leave of absence. Except as so expressly admitted, Defendant denies each and every allegation contained in Paragraph 12 of Plaintiff's Complaint.

13.  Defendant admits that on or about February 28, 2006, it received notice of Plaintiff's request for additional time off beyond her scheduled return date of March 15, 2006, and that Defendant denied this request. Except as so expressly admitted, Defendant denies each and every allegation contained in Paragraph 13 of Plaintiff's Complaint.

14.  Defendant admits that on or about March 3, 2006, Plaintiff protested Defendant's denial of her request for additional time off. Except as so expressly admitted, Defendant denies each and every allegation contained in Paragraph 14 of Plaintiff's Complaint.

15.  Defendant denies each and every allegation contained in Paragraph 15 of Plaintiff's Complaint.

16.  Defendant admits that on or about March 13, 2006, it notified Plaintiff that she was being terminated effective March 15, 2006. Except as so expressly admitted, Defendant denies each and every allegation contained in Paragraph 16 of Plaintiff's Complaint.

17.  Defendant denies each and every allegation contained in Paragraph 17 of Plaintiff's Complaint. To the extent that the allegations contained in Paragraph 17 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

18.  Defendant denies each and every allegation contained in Paragraph 18 of Plaintiff's Complaint.

19.  Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint, and on that basis denies each and every allegation contained in Paragraph 19 of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF

### (Disability Discrimination Based on Association with a Disabled Person Cal. Gov't Code § 12926(m) & 12940)

20.  Defendant incorporates by reference its allegations, admissions and denials as set

3

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:
CASE NO. C 07 2423 MJJ

forth in Paragraphs 1 through 19, inclusive.

21.     To the extent that the allegations contained in Paragraph 21 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

22.     To the extent that the allegations contained in Paragraph 22 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

23.     To the extent that the allegations contained in Paragraph 23 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

24.     To the extent the allegations contained in Paragraph 24 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

25.     Defendant denies each and every allegation contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies each and every allegation contained in Paragraph 26 of Plaintiff's Complaint.

As to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff was injured in any amount or at all, and further denies that Plaintiff is entitled to relief of any form on any of her claims against Defendant.

## SECOND CLAIM FOR RELIEF

**(Disability Discrimination Based on Association with a Disabled Person Americans with Disabilities Act, 42 U.S. C. § 12112)**

27.     Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 26, inclusive.

28.     To the extent the allegations contained in Paragraph 28 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

29. To the extent the allegations contained in Paragraph 29 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

30. To the extent that the allegations contained in Paragraph 30 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

31. To the extent the allegations contained in Paragraph 31 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

32. Defendant denies each and every allegation contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies each and every allegation contained in Paragraph 33 of Plaintiff's Complaint.

As to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff was injured in any amount or at all, and further denies that Plaintiff is entitled to relief of any form on any of her claims against Defendant.

## THIRD CLAIM FOR RELIEF

### (Gender Discrimination, Cal. Gov't Code § 12940(a))

34. Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 33, inclusive.

35. To the extent the allegations contained in Paragraph 35 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

36. To the extent the allegations contained in Paragraph 36 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

37. To the extent that the allegations contained in Paragraph 37 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not,

admit or deny such allegations.

38. To the extent the allegations contained in Paragraph 38 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

39. Defendant denies each and every allegation contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies each and every allegation contained in Paragraph 40 of Plaintiff's Complaint.

As to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff was injured in any amount or at all, and further denies that Plaintiff is entitled to relief of any form on any of her claims against Defendant.

## FOURTH CLAIM FOR RELIEF

**(Gender Discrimination, Title VII, Civil Rights Act of 1964, § 701 *et seq.* 42 U.S.C. § 2000e *et seq.*)**

41. Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 40, inclusive.

42. To the extent the allegations contained in Paragraph 42 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

43. To the extent the allegations contained in Paragraph 43 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

44. To the extent the allegations contained in Paragraph 44 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

45. To the extent the allegations contained in Paragraph 45 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

Heller Ehrman LLP

46. Defendant denies each and every allegation contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies each and every allegation contained in Paragraph 47 of Plaintiff's Complaint.

As to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff was injured in any amount or at all, and further denies that Plaintiff is entitled to relief of any form on any of her claims against Defendant.

## SIXTH CLAIM FOR RELIEF

### (Retaliation, Cal. Gov't Code § 12950(h))

48. Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 47, inclusive.

49. Defendant denies each and every allegation contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies each and every allegation contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies each and every allegation contained in Paragraph 51 of Plaintiff's Complaint.

As to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff was injured in any amount or at all, and further denies that Plaintiff is entitled to relief of any form on any of her claims against Defendant.

## SEVENTH CLAIM FOR RELIEF

### (Violation of Equal Protection and Civil Rights, 42 U.S.C. § 1983)

52. Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 51 inclusive.

53. To the extent the allegations contained in Paragraph 53 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

54. Defendant denies each and every allegation contained in Paragraph 54 of Plaintiff's

Complaint.

55. Defendant denies each and every allegation contained in Paragraph 55 of Plaintiff's Complaint.

As to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff was injured in any amount or at all, and further denies that Plaintiff is entitled to relief of any form on any of her claims against Defendant.

## TENTH CLAIM FOR RELIEF

### (Wrongful Termination in Violation of Public Policy, California Common law)

56. Defendant incorporates by reference its allegations, admissions and denials as set forth in Paragraphs 1 through 55 inclusive.

57. To the extent the allegations contained in Paragraph 57 of Plaintiff's Complaint are legal conclusions and contain no factual allegations, Defendant is not required to, and does not, admit or deny such allegations.

58. Defendant denies each and every allegation contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendant denies each and every allegation contained in Paragraph 59 of Plaintiff's Complaint.

As to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff was injured in any amount or at all, and further denies that Plaintiff is entitled to relief of any form on any of her claims against Defendant.

## AFFIRMATIVE DEFENSES

Defendant assert the following affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second, Third, Fourth, Sixth, Seventh and Tenth Claims for Relief, Defendant alleges:

1. Plaintiff has failed to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second, Third, Fourth, Sixth, Seventh

Heller Ehrman LLP

8

and Tenth Claims for Relief, Defendant alleges:

2.  Plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations including, but not limited to, California Code of Civil Procedure Sections 335.1, 337, 338, 339, 340 and/or 343, Government Code Section 12940, *et seq.*, and/or 42 United States Code Section 2000e-5(f)(1).

### THIRD AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second, Third, Fourth, Sixth and Tenth Claims for Relief, Defendant alleges:

3.  Plaintiff has failed, in whole or in part, to exhaust her administrative remedies in a timely manner.

### FOURTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second, Third, Fourth, Sixth, Seventh and Tenth Claims for Relief, Defendant alleges:

4.  Plaintiff's claims are barred for failure to exhaust available internal remedies.

### FIFTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second, Third, Fourth, Sixth, Seventh and Tenth Claims for Relief, Defendant alleges:

5.  Defendant exercised reasonable care to prevent and correct promptly any alleged unlawful behavior and Plaintiff failed to take advantage of preventive and corrective opportunities offered by Defendant and/or otherwise to avoid harm.

### SIXTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second, Third, Fourth, Sixth, Seventh and Tenth Claims for Relief, Defendant alleges:

6.  Plaintiff failed to take reasonable steps to avoid harm.

### SEVENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second, Third, Fourth, Sixth, Seventh and Tenth Claims for Relief, Defendant alleges:

7.  Plaintiff has failed, and continues to fail, to take reasonable steps to mitigate her

damages.

## EIGHTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second, Third, Fourth, Sixth, Seventh and Tenth Claims for Relief, Defendant alleges:

8. This Court lacks jurisdiction over any claim by Plaintiff for alleged mental, emotional and/or physical distress on the grounds that such claims are subject to the exclusive provisions of the California Workers' Compensation laws. Cal. Labor Code § 3600, *et seq.*

## NINTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second, Third, Fourth, Sixth, Seventh and Tenth Claims for Relief, Defendant alleges:

9. Plaintiff failed, in whole or in part, to comply with her obligations under California Labor Code Sections 2854 and 2856.

## TENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second, Third, Fourth, Sixth, Seventh and Tenth Claims for Relief, Defendant alleges:

10. All of the alleged acts and conduct of Defendant of which Plaintiff complains were privileged and/or justified under the managerial privilege.

## ELEVENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second, Third, Fourth, Sixth, Seventh and Tenth Claims for Relief, Defendant alleges:

11. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel, and/or waiver.

## TWELFTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second, Third, Fourth, Sixth, Seventh and Tenth Claims for Relief, Defendant alleges:

12. Defendant's actions with respect to Plaintiff's employment were made without malice, in good faith, and for legitimate, non-discriminatory business reasons.

Heller Ehrman LLP

### THIRTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second, Third, Fourth, Sixth, Seventh and Tenth Claims for Relief, Defendant alleges:

13. Any and all acts, occurrences and damages alleged or referred to in Plaintiff's Complaint were proximately caused by the bad faith of Plaintiff in that Plaintiff failed to deal fairly, honestly and reasonably with Defendant; therefore, the comparative bad faith of Plaintiff reduces her right to recovery, if any, in the amount by which her bad faith contributed to the damages alleged.

### FOURTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

14. Defendant reasonably accommodated Plaintiff, and any further accommodations would have resulted in undue hardship to Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

15. Plaintiff's son is not a "qualified" individual with a disability, as defined in the Fair Employment and Housing Act ("FEHA") and its implementing regulations.

### SIXTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second, Third, Fourth, Sixth, Seventh and Tenth Claims for Relief, Defendant alleges:

16. Defendant presently have insufficient knowledge or information on which to form a belief as to whether they have or may have additional, as yet unstated, defenses available. Defendant reserve the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE Defendant prays:

1. That Plaintiff's Complaint be dismissed in its entirety;

2. That Plaintiff take nothing by her Complaint;

3. That Defendant be awarded attorneys' fees and their costs of suit; and

4. That Defendant be granted such other and further relief as this Court may deem appropriate.

DATED: July 2, 2007

Respectfully submitted,

HELLER EHRMAN LLP

By  /S/ Brooke D. Andrich
    PATRICIA K. GILLETTE
    GREG J. RICHARDSON
    BROOKE D. ANDRICH
    Attorneys for Defendant
    CALIFORNIA ADMINISTRATIVE OFFICE OF THE COURTS

Heller Ehrman LLP

12
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:
CASE NO. C 07 2423 MJJ