KATHRYN BURKETT DICKSON (Bar No. 70636)
JEFFREY A. ROSS (Bar No. 116601)
DICKSON – ROSS LLP
1970 Broadway, Suite 1045
Oakland, CA 94612
Telephone: (510) 268-1999
Facsimile: (510) 268-3627
Email: kbdickson@dicksonross.com

Attorneys for Plaintiff
LUCIA KANTER


PATRICIA K. GILLETTE (Bar No. 74461)
GREG J. RICHARDSON (Bar No. 203788)
BROOKE D. ANDRICH (Bar No. 238836)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Email: brooke.andrich@hellerehrman.com

Attorneys for Defendant
CALIFORNIA ADMINISTRATIVE OFFICE OF THE COURTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LUCIA KANTER,<br><br>                              Plaintiff,<br><br>     v.<br><br>CALIFORNIA ADMINISTRATIVE<br>OFFICE OF THE COURTS,<br><br>                              Defendant. | Case No.: C 07 2423 MJJ<br><br>[PROPOSED] STIPULATED<br>PROTECTIVE ORDER |

Heller
Ehrman LLP

## I.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.     DEFINITIONS

A.     <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

B.     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

C.     <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c). Parties will seek to identify as "Confidential" only that information which is properly subject to protection under Fed. R. Civ. P. 26(c), and counsel will not designate any discovery material "Confidential" without first making a good faith determination that protection is warranted.

D.     <u>"Highly Confidential - Attorneys' Eyes Only" Information or Items</u>:  extremely sensitive "Confidential" Information or Items whose disclosure to another Party or non-party

would create a substantial risk of serious injury that could not be avoided by less restrictive means.

E.  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

F.  <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

G.  <u>Designating Party</u>:  a Party that designates information or items that a Producing Party has produced in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

H.  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

I.  <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

J.  <u>House Counsel</u>:  attorneys who are employees of a Party.

K.  <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as well as their support staff).

L.  <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

M.  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

Heller
Ehrman LLP

[PROPOSED] STIPULATED PROTECTIVE ORDER:  CASE NO. C 07 2423 MJJ

## III.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court (other than at trial, for which the parties will separately address the use of Protected Material with the court at the appropriate time) or in other settings that might reveal Protected Material.

## IV.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V.    DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

Heller
Ehrman LLP

3

(a)    <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party or Designating Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the bottom of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party or Designating Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party or Designating Party must affix the appropriate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" legend at the bottom of each page that contains Protected Material.

(b)    <u>For testimony given in deposition</u>, that any Party may identify on the record, before the close of the deposition, any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Alternatively, within 30 days after the conclusion of the deposition, any Party may identify the specific portions of the testimony as to which such protection is sought.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as instructed by the Party making the designation.

(c)    <u>For information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party or Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party or Designating Party, to

Heller
Ehrman LLP

the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

     5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

     6.1    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

     6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

     6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied

Heller
Ehrman LLP

5

with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless and until the court rules on the challenge in favor of the challenging Party, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

## VII.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation,

(f)    during their depositions, witnesses in the action to whom disclosure is

Heller
Ehrman LLP

6

reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material and that are designated as such pursuant to this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(g)     the author of the document or the original source of the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c)     the Court and its personnel;

(d)     court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(e)     the author of the document or the original source of the information.

7.4     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to "Experts".

(a)     Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to

the Expert, (2) describes the type of expert to whom the Party wishes to disclose the information; and (3) states the reason the Party believes it is reasonably necessary to disclose the information to the expert.

        (b)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven calendar days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

        (c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of establishing that the risk of harm that the disclosure would entail (under any safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.

Heller
Ehrman LLP

8

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) provide a copy of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

## X.    FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. That rule provides:

### 79-5. Filing Documents Under Seal.

**(a) Specific Court Order Required.** No document may be filed under seal, i.e., closed to inspection by the public, except pursuant to a Court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law, [hereinafter referred to as "sealable."] The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c). A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal. Ordinarily, more than one copy of a particular document should not be submitted for filing under seal in a case.

**(b) Request to File Entire Document Under Seal.** Counsel seeking to file an entire document under seal must:

Heller
Ehrman LLP

**(1)** File and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that the entire document is sealable;

**(2)** Lodge with the Clerk and serve a proposed order sealing the document;

**(3)** Lodge with the Clerk and serve the entire document, contained in an 8 ½- inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL" [and, in addition to placing documents in a sealed envelope with instructions that the document is filed pursuant to the Stipulated Protective Order and that the envelope is not to be opened absent further order of the court, the envelope should be labeled to identify the title of the case, the case number, and the title of the document];

**(4)** Lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container.

**(c) Request to File a Portion of a Document Under Seal.** If only a portion of a document is sealable, counsel seeking to file that portion of the document under seal must:

**(1)** File and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that a portion of the document is sealable;

**(2)** Lodge with the Clerk and serve a proposed order that is narrowly tailored to seal only the portion of the document which is claimed to be sealable;

**(3)** Lodge with the Clerk and serve the entire document, contained in an 8 ½- inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL." The sealable portions of the document must be identified by notations or highlighting within the text;

**(4)** Lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container, with the sealable portions identified;

**(5)** Lodge with the Clerk and serve a redacted version of the document that can be filed in the public record if the Court grants the sealing order.

**(d) Filing a Document Designated Confidential by Another Party.** If a party wishes to file a document that has been designated confidential by another party pursuant to a protective order, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an Administrative Motion for a sealing order and lodge the document, memorandum or other filing in accordance with this rule. If only a portion of the document, memorandum or other filing is sealable, the submitting party must also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record if the Court approves the requested sealing order. Within five days thereafter, the designating party must file with the Court and

Heller
Ehrman LLP

serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record.

**(e) Request Denied.** If a request to file under seal is denied in part or in full, neither the lodged document nor any proposed redacted version will be filed. The Clerk will notify the submitting party, hold the lodged document for three days for the submitting party to retrieve it, and thereafter, if it is not retrieved, dispose of it. If the request is denied in full, the submitting party may retain the document and not make it part of the record in the case, or, within 3 days, re-submit the document for filing in the public record. If the request is denied in part and granted in part, the party may resubmit the document in a manner that conforms to the Court's order and this rule.

**(f) Effect of Seal.** Unless otherwise ordered by the Court, any document filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action, during the pendency of the case. Any document filed under seal in a civil case shall be open to public inspection without further action by the Court 10 years from the date the case is closed. However, a party that submitted documents that the Court placed under seal in a case may, upon showing good cause at the conclusion of the case, seek an order that would continue the seal until a specific date beyond the 10 years provided by this rule. Nothing in this rule is intended to affect the normal records destruction policy of the United States Courts. The chambers copy of sealed documents will be disposed of in accordance with the assigned Judge's discretion. Ordinarily these copies will be recycled, not shredded, unless special arrangements are made.

## XI.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Designating Party, within sixty days after the final termination of this action, each Receiving Party must destroy or return all Protected Material to the Producing Party. As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected  Material is returned or destroyed, the Receiving Party must submit a written certification to the Designating Party by the sixty-day deadline certifying that all the Protected Material was returned or destroyed and that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that

Heller
Ehrman LLP

11

contain or constitute Protected Material remain subject to this Order as set forth in Section 4, above.

## XII.    MISCELLANEOUS

12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    <u>Time Limit on Court's Jurisdiction to Enforce Order</u>.  This Court's jurisdiction to enforce the terms of this Order shall terminate six months after the final termination of the action.

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Lucia Kanter v. California Administrative Office of the Courts*, C 07 2423 MJJ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]

Signature:_____
                          [signature]

Heller
Ehrman LLP

[PROPOSED] STIPULATED PROTECTIVE ORDER:  CASE NO. C 07 2423 MJJ

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: _____          DICKSON – ROSS LLP



By: _____
          KATHRYN BURKETT DICKSON
          JEFFREY A. ROSS
          Attorneys for Plaintiff
          LUCIA KANTER


Dated: _4 September 2007_          HELLER EHRMAN LLP


By _____
          PATRICIA K. GILLETTE
          GREG J. RICHARDSON
          BROOKE D. ANDRICH
          Attorneys for Defendant
          CALIFORNIA ADMINISTRATIVE OFFICE OF
          THE COURTS



PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:_____     _____
                                              Martin J. Jenkins
                                              United States District Judge

Heller
Ehrman LLP

[PROPOSED] STIPULATED PROTECTIVE ORDER: CASE NO. C 07 2423 MJJ

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: 8/31/07       DICKSON – ROSS LLP

By: _____
      KATHRYN BURKETT DICKSON
      JEFFREY A. ROSS
      Attorneys for Plaintiff
      LUCIA KANTER


Dated: _____       HELLER EHRMAN LLP

By _____
      PATRICIA K. GILLETTE
      GREG J. RICHARDSON
      BROOKE D. ANDRICH
      Attorneys for Defendant
      CALIFORNIA ADMINISTRATIVE OFFICE OF
      THE COURTS


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:_____       _____
                  Martin J. Jenkins
                  United States District Judge

Heller
Ehrman LLP

14

[PROPOSED] STIPULATED PROTECTIVE ORDER