KATHRYN BURKETT DICKSON (Bar No. 70636)
JEFFREY A. ROSS (Bar No. 116601)
DICKSON – ROSS LLP
1970 Broadway, Suite 1045
Oakland, CA 94612
Telephone: (510) 268-1999
Facsimile: (510) 268-3627
Email: kbdickson@dicksonross.com

Attorneys for Plaintiff
LUCIA KANTER

PATRICIA K. GILLETTE (Bar No. 74461)
GREG J. RICHARDSON (Bar No. 203788)
BROOKE D. ANDRICH (Bar No. 238836)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Email: brooke.andrich@hellerehrman.com

Attorneys for Defendant
CALIFORNIA ADMINISTRATIVE OFFICE OF THE COURTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| LUCIA KANTER, | Case No.: C 07 2423 MJJ |
|---|---|
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER** |
| v. | |
| CALIFORNIA ADMINISTRATIVE OFFICE OF THE COURTS, | |
| Defendant. | |

Heller
Ehrman LLP

Plaintiff Lucia Kanter (hereinafter "Plaintiff" or "Kanter") and Defendant California Administrative Office of the Courts (hereinafter "Defendant" or "AOC") hereby submit this Joint Case Management Conference Statement and [Proposed] Case Management Order and request that the Court adopt it as its scheduling order in this case.

Per the Court's Order Setting Case Management Conference and Requiring Joint Case Management Conference Statement ("CMC Order") of May 22, 2007, as amended by the Court's July 18, 2007 Order granting the parties' stipulation to continue the conference, the parties met and conferred through lead counsel on August 8, 2007. During that conference the parties conferred about all matters enumerated in both Fed. R. Civ. P. 26(f) and the CMC Order. The specific topics the parties conferred about, and the agreements and/or arrangements they made for each topic, are as follows:

**1. Jurisdiction and Service.**

This is an individual employment discrimination action. Plaintiff seeks relief under the Americans with Disabilities Act (42 U.S.C. § 12112), Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), 42 U.S.C. § 1983, the California Fair Employment and Housing Act (Cal. Govt. Code § 12926, §12940), and common law wrongful termination. Plaintiff contends that with regard to Plaintiff's state law claims, this Court has pendant jurisdiction.

Defendant contends that Plaintiff's federal claims under the ADA and Section 1983, and all of Plaintiff's state law claims are barred by the Eleventh Amendment. Defendant agrees that the Court has jurisdiction over Plaintiff's Title VII claims, and that these are not barred by the Eleventh Amendment. Pending the Court's approval to do so, Defendant will move under Federal Rule of Civil Procedure 12(c) to dismiss all but the Title VII claims.

There are no current issues (or issues that the parties foresee) involving personal jurisdiction or venue.

All parties currently named in the litigation have been served.

Heller
Ehrman LLP

## 2. **Facts.**

Because discovery has not yet commenced in this action, both parties expect they will learn of additional facts and legal theories to support their respective claims and defenses. Thus, by providing the following information, neither party waives its rights to present additional facts or legal theories if subsequently discovered.

*Plaintiff's contentions.*   Plaintiff was employed as an attorney in the General Counsel's Office of Defendant AOC.  During her employment, Plaintiff gave birth to a son who was ultimately diagnosed as autistic.  Plaintiff learned of her son's disability while she was out on an approved parental leave, following the birth of her second child.  Plaintiff requested that, upon return from her leave, she be permitted to work a part-time schedule that would enable her to attend at least some of the many therapy services anticipated for her son.  Defendant denied Plaintiff's request, while permitting other attorneys in the office who did not have a disabled child, to work such part-time schedules.  Plaintiff then requested, as an alternative, a one-year leave of absence, consistent with Defendant's leave policies and practices.  Defendant denied this request, as well.  Finally, Plaintiff requested that she, at least, be provided a short extension of her parental leave to enable her to ensure adequate child care for her disabled son and her newborn infant.  Defendant denied even this request.  Meanwhile, at least seven other attorneys in the office had been granted generous leaves of absence, part-time schedules or alternative schedules of the sort Plaintiff was requesting.  Plaintiff formally protested Defendant's actions, stating that she believed she was being treated differently and less favorably than other employees due to her association with a disabled child, and for raising a past violation of policy relating to pregnancy-related doctor's appointments during her earlier pregnancy.  Ten days later, Plaintiff was terminated.  Defendant told Plaintiff it had to terminate her because her "desk" needed to be covered immediately.  Yet her position remained vacant for more than three months after her termination.

*Defendant's contentions.*   As set forth above, Defendant believes its Eleventh

Heller
Ehrman LLP

2

1  Amendment rights protect it from suit in this Court on several of Plaintiffs' theories.

2  Regardless, factually, Defendant disputes that Plaintiff was terminated or in any other way

3  treated differently because of an affiliation with a disabled person, because of her gender, or

4  because of any protected activity.  Throughout her employment, Plaintiff was provided

5  generous leaves of absence consistent with those provided to similarly situated employees.

6  Plaintiff's employment ended because she refused to return from her approved leave of

7  absence on the scheduled return date.  Defendant had no legal obligation to provide further

8  leave and her separation from employment was for legitimate non-discriminatory, non-

9  retaliatory reasons.

### 3.  Legal Issues.

Plaintiff brings claims under the Americans with Disabilities Act ("ADA"), Title VII

of the Civil Rights Act of 1964, 42 U.S.C. section 1983, and the California Fair

Employment and Housing Act ("FEHA") for alleged discriminatory and retaliatory conduct

based on her status as the mother of a disabled child.  Plaintiff also brings a wrongful

termination in violation of public policy claim based on the same alleged conduct.

As set forth in section 1 above, Defendant believes that all but Plaintiff's Title VII

discrimination claim must be dismissed by this Court pursuant to the Eleventh Amendment.

Defendant believes this issue should be resolved before any other issues or proceedings

before this Court.

In any event, the parties dispute whether Defendant unlawfully denied Plaintiff's

requests for leaves of absence and/or alternative work arrangements, whether Defendant

terminated Plaintiff for discriminatory reasons related to her sex and/or association with a

disabled person, and whether Defendant terminated Plaintiff for retaliatory reasons related

to her alleged protests of Defendant's actions in connection with her employment.  Some of

these issues may be mixed questions of fact and law.

### 4.  Motions.

Plaintiff's Complaint was filed on May 4, 2007; it was subsequently served via

Heller
Ehrman LLP

3

notice and acknowledgement on May 23, 2007. Defendant filed its Answer to Plaintiff's Complaint on July 2, 2007. On August 28, 2007, by joint stipulation of the parties, Defendant filed an Amended Answer to Plaintiff's Complaint. There are no pending motions at this time. As set forth above, Defendant intends to bring a Rule 12(c) motion to determine the Eleventh Amendment issues described in section 1 above. Defendant also reserves the right to bring a motion or motions for summary judgment and/or summary adjudication.

**5. Amendment of Pleadings.**

Defendant filed an Amended Answer on August 28, 2007. Parties do not anticipate any amendment of the pleadings at this time.

**6. Evidence Preservation.**

Defendant has taken steps to preserve evidence relevant to the issues reasonably evident in this action.

**7. Discovery to Date; Disclosures.**

On or before the date of filing of this Joint Case Management Statement, the parties made all disclosures required by Fed. R. Civ. P. 26. Those disclosures included: the names and contact information of witnesses who support and/or refute the various claims and defenses that have been made in this case so far; descriptions of documents (and/or copies of the documents themselves) that support and/or refute the parties' respective claims and defenses; and documents that support and/or refute Plaintiff's computation of damages. In addition, both Plaintiff and Defendant have served an initial round of discovery requests.

**8. Discovery.**

The parties agree to the following discovery plan:

Plaintiff and Defendant agree that discovery should not be limited in any manner, nor are the parties aware of any alternative methods available to obtain the necessary

Heller
Ehrman LLP

4

1    information.  Furthermore, the parties do not believe that a discovery order and conference

2    should be entered pursuant to Federal Rule of Civil Procedure 26(f), but rather request the

3    Court to enter an order incorporating the following dates:

4        All non-expert discovery completed by June 13, 2008.

5        All expert discovery completed by July 18, 2008.

6        *Plaintiff's discovery.*  Plaintiff currently intends to take the depositions of those

7    individuals involved in the decision to deny Plaintiff's requests for an alternative schedule,

8    a leave of absence, or an extension of her existing leave; individuals knowledgeable about

9    Defendant's practices with regard to providing such schedules, leaves and leave extensions

10   to others; individuals knowledgeable about Defendant's personnel policies and practices,

11   including those relating to leaves of absence and alternative work schedules; and individuals

12   knowledgeable on issues relating to Plaintiff's damages (including lost income and

13   benefits).  Plaintiff also anticipates propounding one or more sets of  requests for production

14   of documents, interrogatories and requests for admissions.

15       *Defendant's discovery.*  Pending approval by the Court, Defendant intends to depose

16   Plaintiff.  Defendant also anticipates propounding written discovery in the form of Requests

17   for Production of Documents, Requests for Admissions, and Interrogatories if formal

18   discovery becomes necessary.  Defendant further anticipates that discovery may lead to the

19   identification of other individuals whom it may need to depose.

20   **9.  Class Actions.**

21

22   Not applicable.

23   **10.  Related Cases**

24   Neither Plaintiff nor Defendant is aware of any related cases or proceedings pending

25   before another judge of this Court, or before another court or administrative body.

26   **11.  Relief.**

27

28   Plaintiff is seeking compensatory damages, including emotional distress damages

Heller
Ehrman LLP

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER:  CASE NO. C 07 2423 MJJ

and front pay; injunctive relief, including reinstatement; interest on judgment, including pre-judgment interest; and attorneys' fees and costs.

## 12. Settlement and ADR.

To date, the parties have discussed the possibility of engaging in ADR; the specific ADR methods the parties would prefer; and a proposed timeline in which ADR will occur.

Pursuant to the parties' discussions, the parties will engage in ADR (using a court-appointed mediator and/or private mediation) before the deadline for Defendant to file a motion or motions for summary judgment and/or summary adjudication.

The parties have complied with the ADR certification requirements of Civil L.R. 16-8(b).

## 13, 14. Consent to Magistrate Judge; Other References.

Defendant does not consent to the assignment of a magistrate judge for all further proceedings, including trial. The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. Narrowing of Issues

As set forth above, Defendant intends to bring a Rule 12(c) motion to narrow the claims to Plaintiff's Title VII cause of action. Defendant also reserves the right to bring a motion or motions for summary judgment and/or summary adjudication, and therefore issues may be narrowed through this mechanism. The parties do not foreclose the possibility of narrowing issues through other means if the opportunity arises, but at present are unaware of any other means to narrow the issues.

## 16. Expedited Schedule.

The parties do not believe this is the type of case that can be handled on an expedited basis.

## 17, 18. Scheduling; Trial.

Because Defendant believes that most, if not all, of the issues in this case may be disposed of through pretrial dispositive motions, Defendant intends to file a motion for

Heller
Ehrman LLP

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER:  CASE NO. C 07 2423 MJJ

1  summary judgment in this matter. Defendant anticipates being able to do this within two

2  months after non-expert discovery has ended on June 13, 2008, as proposed above. As a

3  result, the parties anticipate that the case will be ready for trial by mid-October 2008 and

4  hereby request a trial date of October 13, 2008, with a pre-trial conference date of

5  September 29, 2008. A jury was properly requested by Plaintiff in her Complaint. Trial is

6  anticipated to last 10 court days.

### 19. **Disclosure of Non-party Interested Entities or Persons.**

Neither Plaintiff nor Defendant is aware of any person or entity that would have a
financial interest in this litigation, or any other interest that would be substantially affected
by the litigation's outcome.

### 20. **Service List.**

Counsel for Plaintiff:            Kathryn Burkett Dickson, Esq.
                                  Jeffrey A. Ross, Esq.
                                  Dickson – Ross LLP
                                  1970 Broadway, Suite 1045
                                  Oakland, CA 94612
                                  Telephone: (510) 268-1999
                                  Facsimile: (510) 268-3627
                                  Email: kbdickson@dicksonross.com
                                  Email: jeffross@dicksonross.com


Counsel for Defendant:            Patricia K. Gillette, Esq.
                                  Greg J. Richardson, Esq.
                                  Brooke D. Andrich, Esq.
                                  Heller Ehrman LLP
                                  333 Bush Street
                                  San Francisco, CA 94104-2878
                                  Telephone: (415) 772-6000
                                  Facsimile: (415) 772-6268
                                  Email: patricia.gillette@hellerehrman.com
                                  Email: greg.richardson@hellerehrman.com
                                  Email: brooke.andrich@hellerehrman.com

Heller
Ehrman LLP

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER:  CASE NO. C 07 2423 MJJ

1

2

3    Dated: Sept.13, 2007            DICKSON – ROSS LLP

4

5                                     By:_____

6                                          Kathryn Burkett Dickson

7                                          Jeffrey A. Ross
                                           Attorneys for Plaintiff
8                                          LUCIA KANTER

9

10   Dated: 9|17, 2007               HELLER EHRMAN LLP

11

12                                    By:_____
                                           Patricia K. Gillette
13                                         Greg J. Richardson

14                                         Brooke D. Andrich
                                           Attorneys for Defendant
15                                         CALIFORNIA ADMINISTRATIVE
                                           OFFICE OF THE COURTS
16

17

18

19

20

21

22

23

24

25

26

27

28

Heller
Ehrman LLP

8

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER:  CASE NO. C 07 2423 MJJ

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition the Court orders:

Dated: _____          _____
                                     The Honorable Martin J. Jenkins
                                     United States District Court Judge

Heller
Ehrman LLP

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER:  CASE NO. C 07 2423 MJJ